INTERSTATE COMMERCE COMMISSION v. LOUISVILLE & N. R. CO.
et al.

#### (Circuit Court, S. D. Alabama.  December 2, 1899.)

#### No. 207.

1. CARRIERS—CONCLUSIONS OF INTERSTATE COMMERCE COMMISSION—PRESUMPTION OF CORRECTNESS.

Findings of fact in a report of the interstate commerce commission are made by law prima facie evidence of the matters therein stated, and the conclusion of the commission, based upon such findings, that a rate charged by a railroad company between two points is unreasonable and unjust, is presumed to be well founded and correct, and will not be set aside unless error clearly appears.

2. SAME—ENFORCEMENT OF ORDERS OF COMMISSION.

Findings and conclusions of the interstate commerce commission that the transportation of freight by the defendant railroads from New Orleans to Lagrange, and the transportation of like freight from New Orleans to other and more distant points, were under substantially similar circumstances and conditions, and that a higher rate charged to Lagrange than to the more distant points was discriminative, and also unreasonable and unjust in itself, and in violation of the interstate commerce law, affirmed, and an order based on such findings enforced by injunction.

In Equity.  Suit by the interstate commerce commission against the Louisville & Nashville Railroad Company and others to enforce an order of the commission relating to rates charged by the defendant companies.  See 101 Fed. 146.

L. A. Shaver and M. D. Wickersham, for complainant.
Ed. Baxter, for defendants.

TOULMIN, District Judge.  On careful examination and consideration of the evidence and arguments in this case, the court concurs in the conclusion of the interstate commerce commission:

1. That the transportation of freights by defendants from New Orleans to Lagrange, and the transportation of like freight from New Orleans to Hogansville, to Newnan, to Palmetto, and to Fairburn, are under substantially similar circumstances and conditions, and that freight rates over defendant's line, which are higher from New Orleans for the shorter distance to Lagrange than for the longer distance to either of the other places mentioned, violate section 4 of the act to regulate commerce.

2. That higher rates charged by defendants from New Orleans to Lagrange than for longer distances from New Orleans to Hogansville, Newnan, Palmetto, and Fairburn on traffic carried under like conditions and circumstances, and at less cost for the transportation service to Lagrange, are unreasonable and unjust to the petitioner, Fuller E. Calloway, and subject him, and, as a locality, the city of Lagrange itself, to undue and unreasonable prejudice and disadvantage, and give undue preference and advantage to the localities of Hogansville, Newnan, Palmetto, and Fairburn, and dealers and merchants doing business therein, and that said higher rates are in violation of sections 1 and 3 of said act.

3. The court is not so clear as to the proposition that the rates from New Orleans to Lagrange are unreasonable and unjust in themselves, and relatively so as compared with the rates to Atlanta. The question as to what is a reasonable and just rate is a very difficult one. "No more difficult problem can be presented than this." Ames v. Railroad Co. (C. C.) 64 Fed. 173; U. S. v. Trans-Missouri Freight Ass'n, 166 U. S. 332, 17 Sup. Ct. 540, 41 L. Ed. 1007. But the findings of fact in the report of the commission are made by law prima facie evidence of the matters therein stated, and the conclusions of the commission based upon such findings are presumed to be well founded and correct, and they will not be set aside unless error clearly appears. The record does not clearly show that the commission's findings and conclusions on this branch of the case are erroneous,—are not in accordance with the law and the evidence,—and the court should not overrule or in any manner interfere with them.

It being made to appear to the court that the order of the said commission here drawn in question has been disobeyed, it is ordered that a writ of injunction issue, in accordance with the prayer of the petition, restraining the defendants from further continuing such disobedience of said order, and enjoining obedience to the same.